UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Greentech Energy Systems A/S (now known as Athena Investments A/S), Novenergia General Partner S.A. (acting as liquidator of Novenergia II Energy & Environment (SCA) SICAR) Novenergia II Italian Portfolio<br><br>                         Petitioners,<br><br>                         v.<br><br>The Italian Republic<br><br>                         Respondent. | Case No. 1:19-cv-03444 |

## PETITIONERS' RESPONSE TO DECEMBER 13, 2019 ORDER

Greentech Energy Systems A/S (now known as Athena Investments A/S), Novenergia General Partner S.A. (acting as liquidator of Novenergia II Energy & Environment (SCA) SICAR) Novenergia II Italian Portfolio ("Petitioners") write in response to this Court's Order dated December 13, 2019, providing the parties with notice of the Court's intention to consolidate this case with *CEF Energia, B.V. v. The Italian Republic* (No. 19-cv-3443) on January 6, 2020.

Petitioners do not oppose consolidation of this case with *CEF Energia, B.V. v. The Italian Republic*, although they do wish to note that the cases currently stand on different procedural footing, as Petitioners submit that The Italian Republic ("Respondent") defaulted in this case by failing to timely oppose the petition to confirm the arbitral award in this case ("Petition"). Specifically, and as described in further detail below, despite being served with the Petition on May 6, 2019, Respondent failed to file its opposition to the Petition until December 11, 2019 – approximately 220 days after service was complete.

On April 5, 2019 Petitioners filed their Petition in the Supreme Court of the State of New York ("State Court").  S.D.N.Y. No. 1:19-cv-04398, Dkt. 1, Ex. A.  Petitioners served Respondent pursuant to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 (the "Hague Convention") on May 6, 2019 (*see* S.D.N.Y. No. 1:19-cv-04398, Dkt. 15, ¶ 3), following which Respondent, on May 14, 2019, removed the Petition to the Southern District of New York ("SDNY").

Pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602, *et. seq.*, Respondent had 60 days from the completion of service of process to respond to the Petition. 28 U.S.C. § 1608(d) (stating that a foreign state "shall serve an answer or other responsive pleading" within sixty days after service has been made).  Accordingly, Respondent was required to respond to the Petition on or before July 5, 2019.

On July 22, 2019, after this time expired, Petitioners contacted counsel for Respondent to inquire the cause of delay.  S.D.N.Y. No. 1:19-cv-04398, Dkt. 15, ¶ 3.  Petitioners considered Respondent to be in default; but, rather than seek the entry of default, Petitioners sought an agreed schedule for Respondent to respond.  The parties agreed that Respondent would respond by August 14, 2019 – over 100 days after service was complete.  On that date, Respondent filed its Motion to Stay and Transfer and other supporting documents.  *See* S.D.N.Y. No. 1:19-cv-04398, Dkts. 8-11.  It did not file an opposition, nor did it request an extension of time to file an opposition from the SDNY.  Instead, Respondent "submit[ted] [its] motion without prejudice to, and expressly reserving, any additional arguments that it may make in support of dismissal of the Petition. . ." at a later time.  S.D.N.Y. No. 1:19-cv-04398, Dkt. 9 at 1.

After transfer to this Court was granted on November 15, 2019 (S.D.N.Y. No. 1:19-cv-04398, Dkt. 24), Respondent did not file its Motion to Dismiss and its "Memorandum of Law in Support of its Motion to Dismiss and Opposition to the Petition to Enforce Foreign Arbitral Award" (Dkts. 35, 35-1) until December 11, 2019 – now 220 days after service was complete.

Petitioners submit that the egregious delay with which Respondent sought to join issue on the merits in this case is inexcusable and that Respondent has defaulted.  Accordingly, and notwithstanding the consolidation of the two cases, Petitioners reserve the right to raise the issue of Respondent's default in the *Greentech* case in Petitioners' responsive papers.

Dated: New York, New York
January 3, 2020

                                                    Respectfully submitted,

                                                    */s/ James E. Berger*
                                                    James E. Berger (D.C. Bar 481408)
                                                    Charlene C. Sun (D.C. Bar 1027854)

                                                    KING & SPALDING LLP
                                                    1185 Avenue of the Americas
                                                    New York, NY 100365-4003
                                                    Tel: (212) 556-2200
                                                    Fax: (212) 556-2222
                                                    jberger@kslaw.com
                                                    csun@kslaw.com

                                                    *Attorneys for Petitioners*